### John R. Bradley *v.* Commonwealth.

**Criminal Law—Assault with Intent to Kill—Indictment.**
An indictment for assault and battery with intent to kill is good even though it does not contain an averment that it was done without previous malice.

**Arrest of Judgment.**
A motion to arrest judgment will only be sustained when the indictment fails to contain a statement of facts constituting a public offense within the jurisdiction of the court.

APPEAL FROM FLOYD CIRCUIT COURT.

February 1, 1876.

Opinion by Judge Cofer:

The indictment in this case was evidently found under Sec. 1, Art. 17, Chap. 29, of the General Statutes, which provides that "if any person shall, in sudden affray, or in sudden heat and passion, with-

out previous malice, and not in self-defense, shoot and wound another person with a gun or other instrument, loaded with ball or other hard substance, without killing such person; or shall, in like manner, cut, thrust, or stab any other person with a knife, dirk, sword, or other deadly weapon, without killing such person, he shall be fined," etc.

The indictment contains an allegation that the appellant did unlawfully in sudden affray and not in self-defense, cut, thrust, and stab George E. Keens with a knife, etc.; but does not contain any allegation that it was done without previous malice;" and it is contended that the omission is fatal, and that the court erred in refusing to arrest the judgment.

The court is only authorized to arrest judgment when the indictment does not contain a statement of facts constituting a public offense within the jurisdiction of the court. Sec. 271, Cr. Code. The only inquiry on this branch of the case, therefore, is whether, the allegation that the cutting was without previous malice being omitted, the indictment contains a statement of facts constituting a public offense within the jurisdiction of the court. That it does is, we think, beyond dispute. The facts stated show that the defendant is guilty of the common-law offense of assault and battery, even though there may not be sufficient averments to constitute an offense under the statute. We are, therefore, of the opinion that the court did not err in overruling the motion to arrest the judgment.

But if the indictment is only good as an indictment for an assault and battery, the instructions given were erroneous in respect to the punishment which the jury were told they should inflict in the event they found the defendant guilty. It is, therefore, necessary to decide whether the indictment is good under the statute.

The existence of malice could neither excuse or mitigate the offense denounced by the section under which the indictment was found; and it cannot, therefore, have been necessary for the protection of the defendant or to enable him to prepare for his defense that the existence of malice should be negatived by the indictment. The only purpose the legislature could have intended to accomplish by the use of those words was to distinguish the offense punished by that section from the crime described in section 2 of article 6 of the same chapter.

We therefore conclude that the indictment is good under the stat-

ute. No specific objections to the instructions given have been pointed out, and perceiving none ourselves the judgment is *affirmed.*

*A. Duvall, for appellant. T. E. Moss, for appellee.*